HARRISON AND MERCER COUNTY DRAINAGE DISTRICT, APPELLANT, v. JAMES W. SHUMARD ET AL., RESPONDENTS.—103 S. W. (2d) 539.

Kansas City Court of Appeals.   April 5, 1937.

*Sam C. Blair* and *Randall Wilson* for appellant.

*George R. Miller* and *McKnight & Redman* for respondents.

SHAIN, P. J.—The plaintiff in this suit is a municipal corporation. The defendant Shumard was, at the November election, 1928, elected collector of Harrison County, Missouri, and served as such for a term of four years. The other defendants are the bondsmen for the collector.

The plaintiff's petition is a plain and concise statement of a cause of action to recover from defendants $2036.75 less $40.73 commission for taxes collected and alleged not paid over to plaintiff. The plaintiff further sues for statutory penalty in the amount of $199.60.

There was a stipulation of facts entered into between the parties to the suit, the last paragraph of which so closely conforms to the allegations of plaintiff's petition that we set said paragraph out in full as follows:

"It is further admitted that James W. Shumard in the month of January, 1933, collected the sum of Two Thousand Thirty-six Dollars and Seventy-five Cents ($2,036.75), delinquent drainage taxes and duly issued to J. R. Webb, the party paying said drainage tax, receipts therefor. That of said sum collected, James W. Shumard was entitled to retain for his services two per cent or Forty Dollars and Seventy-three Cents ($40.73), leaving a balance due plaintiff, the Harrison and Mercer County Drainage District One Thousand Nine Hundred Ninety-six Dollars and Two Cents ($1,996.02); that the same became due and payable on or before the 20th day of February, 1933. That defendant has failed and refused to pay over to plaintiff, The Harrison and Mercer County Drainage District said sum of One Thousand Nine Hundred and Ninety-six Dollars and Two Cents ($1,996.02), money so collected by him as a deliquent drainage taxes from said J. R. Webb, in the month of January, 1933. That the penalty thereon would amount to the sum of One Hundred Ninety-nine Dollars and Sixty Cents ($199.60), and that demand was made by plaintiff on the defendant Shumard for the payment of said taxes so collected from said J. R. Webb, and payment refused."

The defendants filed an answer an cross-bill asking recoupment based upon an alleged payment to the plaintiff of $2,533.09 by Harrison County, Missouri, which said payment is alleged to have been paid by mistake of law.

In defendants' cross-bill reference is made to, and conclusions drawn from, an opinion handed down by this court at its October, 1932 term. The said case being, Glaze et al., ex rel., Board of Suprs. of Harrison County Drainage District v. Shumard et al., reported in 54 S. W. (2d) 726.

To a clear understanding of defendants' theory of recoupment, it becomes necessary to briefly refer to issues in and conclusions reached in the above case.

In Glaze ex rel., the parties plaintiff and defendant are substantially

the same as in the case at bar and the suit was for taxes collected on behalf of and alleged as not paid to the district.

The funds involved in Glaze ex rel. had been deposited by the collector in the Bethany Savings Bank, which said bank had been duly designated and had qualified as the county depository of Harrison County, Missouri.

In the Glaze et al. case, the defendants made two specific defenses; first, that the collector having deposited the money in the county depository and that the depository bank had failed and was in the hands of the Finance Commissioner of Missouri and that under the provisions of the law no liability rested upon defendants for the funds sued for.

It appears that before the depository bank failed the collector had deposited therein $10,396.32 of the funds of the district and $45,-374.71 of county funds and said funds were in the bank when it failed.

The second defense interposed in the above case was that the defendant collector had, prior to the failure of the bank, mailed to the Secretary and Treasurer of the district his check for the full sum of $10,396.32 and that if same had been presented in due course would have been paid and that said funds were lost solely on account of the negligence of the Secretary and Treasurer and hence no liability rested upon defendants.

In the opinion of this court, *supra*, it is held, as to the first defense, that the drainage district being a municipal corporation the fact that the defunct bank had been designated and qualified as depository of Harrison County funds, did not constitute the said bank the legal depository of the drainage district funds and that the collector in depositing the funds of the drainage district in said bank did so at his peril. However, as to the second defense, this court sustained the judgment in defendants' favor, rendered in the trial court, on the ground that the check aforesaid had not been presented in due course. The Glaze et al., case was finally determined by this court on the second day of December, 1932, when the mandate was duly certified and sent to Harrison County, Missouri.

It will be noted that the decision in the Glaze et al., case automatically did two things to-wit: Released the collector and his bondsmen from all further liability touching the $10,396.32 of the district's money deposited in the defunct bank and further assigned, collector's check considered, all right, title and interest in and to the money so deposited to the plaintiff in this case.

To a further understanding of defendants' theory of recoupment it stands admitted that, at a time prior to the decision by this court in the Glaze ex rel. case, the bondsmen of the defunct depository of Harrison County, Missouri, paid into the county, under their obli-

gation to secure the county funds deposited in the county depository, the sum of $13,600.

It is further shown that the county court of Harrison County, Missouri, acting under the impression that said bond covered the drainage district's deposit, did it by its orders and act make distribution of said $13,600 and prorated to and paid to said drainage district the sum of $2,533.09 out of said payment made by the bondsmen as aforesaid.

For the purpose of clarifying as to defendants' theory of recoupment and theory of procedure, it is shown by the record that the defendant collector herein, from and after Harrison County had paid aforesaid funds to the plaintiff district, collected back taxes for the plaintiff district in the month of November, 1932, in the sum of $569.58 for which a separate suit is pending. Further, in December, 1932, said collector had collected further taxes in the sum of $376.33 for which a separate suit is pending. Further, that in the month of January, 1933, said collector had collected further taxes in the sum of $217.75 for which no action has been brought.

The record herein shows that the defendants, before filing answer herein, filed a motion to consolidate the other cases pending between the parties involving taxes collected by the collector for the plaintiff district. This motion was taken up and overruled by the court.

Thereafter defendants filed an answer and cross-bill or counter-claim asking for recoupment. In this cross-bill, in addition to the $2036.75 declared upon in plaintiff's petition, defendants included the collection of November, 1932, and December, 1932, in litigation as above stated, and also the collection of January, 1933, and invoked equitable jurisdiction wherein it is asked that all matters and transactions declared upon in plaintiff's petition and defendants' cross-bill be considered and a balance struck wherein, by way of recoupment, defendants be credited with the full amount of $2533.09 paid by the county court of Harrison County to the plaintiff out of the $13,600 that had been paid by the bondsmen of the defunct depository, as aforesaid. The defendants in the answer computed the balance due the plaintiff as $568.46 and offered judgment for that amount.

Thereafter the plaintiff filed a motion to strike out all that part of defendants' answer constituting the counterclaim by way of recoupment. This motion was taken up and overruled by the court and exceptions duly taken. However, thereafter the plaintiff filed a reply wherein issue was joined on the allegations contained in defendants' cross-bill by general denial and by plea of limitation and by reply further pled specifically as follows: "Plaintiff fur-

ther replying, alleges that the recoupment sought by defendants in their answer is not available in this action.''

Thereafter the plaintiff introduced the agreed statement of facts, pertinent part set forth above, and rested.

Thereafter the defendants introduced evidence, the nature and purport of which has been outlined above, in support of defendants' theory of recoupment.

At the close of all of the evidence, the court made entry of judgment as follows:

''This cause, having come on regularly for trial on July 2, 1934, the same being the fifth day of the May, 1934, term of the court, was submitted to the Court upon the pleadings and evidence adduced and was taken under advisement by said Court. And now counsel for plaintiff and defendants having filed briefs and made their arguments, and the Court being fully advised, now on this 31st day of January, 1935, the same being the tenth day of the regular January, 1934, term of this court, counsel for plaintiff and defendants being present, doth find the issues for the defendants on this cross-bill and that they are the innocent and injured parties and do not have an adequate remedy at law, and are entitled to the relief prayed for in their answer and cross-bill. And doth find that there is a balance due from the defendants to the plaintiff in the sum of Five Hundred Sixty-eight Dollars and Forty-six Cents ($568.46) for which the defendants in this case tendered judgment in their answer and cross-bill.

''WHEREFORE, it is ordered, adjudged and decreed that plaintiff recover of and from the defendants the sum of Five Hundred Sixty-eight Dollars and Forty-six Cents ($568.46) and costs up to the time of filing of defendants' answer and cross-bill and that costs accruing since the filing of said answer be taxed against the plaintiff and that execution be issued therefor accordingly.

                                ''A. G. Knight,
                        ''Judge of the Circuit Court
                        ''Of Harrison County.''

From this judgment, the plaintiff duly appealed.

For uniformity, we will continue to refer to appellant as plaintiff and defendants as respondents.

## OPINION.

The trial was before the court without a jury.

In its assignment of errors the plaintiff charges error in the court's refusal to strike out defendants' cross-bill.

There is certainly inconsistency and incongruity brought into the case by the court's action in refusing to consolidate and thereafter assuming equity jurisdiction and, in effect, not only consolidating with the other actions but bringing into consideration other items not in litigation. However, the defendant by reply joined issue on

the very matters asked to be stricken, and made no general objection to defendants' introduction of evidence in support of the cross-bill and so participated in the trial of the case as to cause us to hesitate to convict the trial court of error, if error it was, in refusing to strike. However, the plaintiff has made numerous claims of error and we conclude that said assignments, when taken as a whole, demands that we review the action of the trial court in allowing the $2533.09 to be deducted from the amount of taxes collected by the defendant collector from and after the date of the payment by the county to the plaintiff of aforesaid amount.

The plaintiff assigns error of and concerning the matter of limitation pled. For reasons that hereinafter appear, we conclude that the question of limitation is not necessary to a solution of the issues presented.

It is clearly shown by the record and briefs in this case that the defendants base their claim for recoupment upon assumption of principles of equitable set-off, which in turn is based upon an assumption that defendant Shumiard, collector, is situate in a capacity of trustee touching the monies paid into Harrison County, Missouri, by the bondsmen of the defunct depository of the county funds of said county.

It appears that at the time of trial below the defendant collector, after deducting his commission, had a balance in his hands of $3101.09. Defendants claim that the said collector is entitled to retain and withhold from the above amount for the use and the benefit of Harrison County, Missouri, the aforesaid sum of $2533.09 by way of recoupment and same was allowed by the trial court, which resulted in the balance of $568.46, the amount of judgment for plaintiff.

We have carefully read the pleadings herein and also the brief filed by defendants and we conclude that there is no occasion for the application of equity jurisdiction and that the plain principles of law governing actions for money had and received will solve every issue in the case at bar. The defendants' invocation of equity recalls to mind the oft told story of the old doctor, who had but one cure of virtue and that was a cure for fits. Therefore, with laudable intent, when he was called to see a patient he immediately prepared the patient for his cure by throwing him into a fit.

There are two difficulties that present against the theory of defendants. In the first place, Harrison County is not a party to this suit. In the second place, before one is entitled to *retain* and *withhold* one must have a right to have and to withhold.

The defendant collector, by virtue of law, is absolved from all liability touching the county funds which were lawfully deposited in the depository bank when it failed. The other defendants, his bondsmen, are equally absolved.

The bond of the depository bank was and is a bond to the county and not a bond to defendant Shumard as an individual or as an official. The collector was never entitled to receive any of the money paid to the county by the bondsmen of the depository bank.

It cannot be said that any part of the $13,600 paid to the county ever did come or by right could come, under the facts shown in this case, into the hands of the defendant collector, actually or theoretically, as a trust fund or otherwise.

No liability was ever placed upon a single defendant in this case by reason of the payment of the said $13,600 to Harrison County. As the receiving of the money by the county placed no liability upon defendants, it follows that no greater duty touching said funds was created as to any defendant in this case than was created as to any citizen and taxpayer in the county.

The money sued for in this case is money that had been collected by the defendant collector on behalf of the plaintiff.

As to whether or not the county has an action to recover the money it paid out to plaintiff is of no more concern to the defendants in this case than it is to any and all citizens and taxpayers of Harrison County.

As to why a debt, in effect, admittedly owing by the defendant collector to the plaintiff, should be off-set by money that Harrison County has paid to plaintiff, by mistake or otherwise, has in no way been explained by the pleadings and evidence in this case. Further, the defendants in the brief filed have cited no authority for such a claim. We have made search for a case wherein the theory of recoupment pled and urged in this case was ever presented to or discussed by any court of review and have found none. It follows that the conclusions we reach must be based upon prime general principles of law and citation of authority is not necessary.

There is certainly no contractual relation, express or implied, shown to exist between the county and the defendants herein touching the $2533.09 paid out by the county to the plaintiff herein.

We conclude that there is no fact or circumstance of evidence disclosed by the record in this case that justifies the allowance of the off-set by way of recoupment made by the trial court and conclude that such act of the court constitutes reversible error.

Based upon our conclusions this case must be reversed and remanded with instructions.

Owing to the fact that matters pending in other suits and other items not declared upon in plaintiff's petition have been intermingled in this action, we conclude to remand with instructions in the alternative.

Judgment reversed and cause remanded with instruction, that if all parties agree that all matters presented in plaintiff's petition and defendants' answer be considered and adjudicated in this action

with one satisfaction for the whole, then upon dismissal of other suits pending, the court to enter up judgment in this cause for the full amount due plaintiff after adding to the amount found due by the trial court the sum of $2533.09 which was allowed as a set-off in the trial below.

If, however, the agreement aforesaid be not entered into, then the trial court is instructed to enter judgment for plaintiff in the full sum prayed for by plaintiff in this case. The same to be without prejudice to the other suits pending and without prejudice as to collections admitted and not sued for. All concur.